IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JARED KNIGHTON,<br>TDCJ-CID No. 01978346,<br><br>Plaintiff,<br><br>v.<br><br>T. MARTINEZ, *et al.*,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 2:24-CV-118-Z-BR |

## FINDINGS, CONCLUSIONS AND RECOMMENDATIONS
## TO STRIKE AMENDED COMPLAINT
## AND DISMISS DEFENDANT ELMIN ABEDINOVIC

Before the Court is an Amended Complaint filed by Plaintiff Jared Knighton. (ECF 36). For the reasons stated below, the Amended Complaint should be STRICKEN from the record *sua sponte*. In addition, Defendant Elmin Abedinovic ("Abedinovic") should be DISMISSED from the case for failure to prosecute.

### I. FACTUAL BACKGROUND

Plaintiff Jared Knighton ("Knighton") filed this lawsuit on May 29, 2024. (ECF 3). His claims survived screening under 28 U.S.C. §§ 1915 and 1915A, and Defendants were ordered to answer. (ECF 12). Defendant Jesus Llamas ("Llamas") answered on September 9, 2025, and the Attorney General sought an extension of time in which to determine whether his office was authorized to represent Abedinovic and Defendant Teresa Martinez. (ECF 14). Ultimately, the Attorney General was not authorized to represent them, so the Court ordered service at their last known addresses. (ECF 20). Martinez was served, and she answered on October 29, 2025. (ECF 26). Abedinovic was not found at his last known address.

On October 30, 2025, the Court ordered Knighton to provide a service address for

Abedinovic, warning him that failure to do so would result in a recommendation that the district judge dismiss Abedinovic from this case. (ECF 29). Knighton was unable to do so. On December 5, 2025, the Court appointed counsel for Knighton for the sole purpose of obtaining a service address for Abedinovic. (ECF 34). Counsel provided a service address, and the Court ordered service. (ECF 38). However, Abedinovic was not found at the new address. (ECF 40). On January 23, 2026, the Court again ordered Knighton to provide a service address for Abedinovic, and again warning him that failure to do so would result in a recommendation to dismiss Abedinovic. (ECF 41). Knighton's deadline to provide the address was February 23, 2026. (*Id.*) Knighton has not responded to the January 23 order.

On December 15, 2025, Knighton filed an Amended Complaint against six new potential defendants. (ECF 36). He did not seek leave of court to do so, nor does he indicate in the Amended Complaint that Llamas and Martinez consented to the amendment. It is unclear whether the incidents recounted in the Amended Complaint are related to the claims against Llamas and Martinez, or are based on a different event.

## II. THE AMENDED COMPLAINT

### A.    Legal Standard.

"Ordinarily, Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings." *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013). Federal Rule of Civil Procedure 15(a)(1) states that "[a] party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the

court's leave." *Id.* When a court's permission for leave to amend is required because the amendment is not a matter of course, leave to amend "shall be freely given when justice so requires." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). In addition, the Local Rules of the Northern District of Texas Local Rules state that, "[w]hen a party files a motion for leave to file an amended pleading that, if leave is granted, will be filed on paper, the party must attach a copy of the proposed amended pleading as an exhibit to the motion.… If leave is granted, the clerk will file the original of the amended pleading." N.D. Tex. Local Civil Rule 15.1(a). Regardless of Knighton's *pro se* status, he must still comply with the Local Rules, and failure to follow local court rules constitutes a sufficient basis for the Court to deny leave to amend. *Hassell v. United States*, 203 F.R.D. 241, 245 (N.D. Tex. 1999).

**B.      Analysis.**

Knighton's Amended Complaint must be considered under Rule 15(a)(2). His ability to amend under Rule 15(a)(1)(A) expired on July 31, 2025. His ability to amend under Rule 15(a)(1)(B) expired on September 30, 2025. *See Bank of Am. v. TemPay, LLC*, 19CV674V, 2019 WL 9359721, at *8 (W.D.N.Y. Nov. 7, 2019) ("[The] 21-day period runs from the first defense response."). "After that, Plaintiff could only amend the Complaint with the opposing parties' consent or leave of court." *McCarty v. Dunbar*, No. 19-800-BAJ-SDJ, 2020 WL 4495467, at *1 (M.D. La. Aug. 4, 2020). Knighton did not obtain written consent from the opposing parties, nor did he request leave of court to amend his complaint. Knighton failed to abide by both Rule 15(a)(2) and Local Civil Rule 15.1 in filing his Amended Complaint.

Knighton's failure to comply with Rule 15(a)(2) and the Local Rules dictate that his Amended Complaint should be stricken from the record *sua sponte*. *See Drake v. Walmart, Inc.*, No. 3:20-CV-581-M-BK, 2020 WL 10866997, at *3 (N.D. Tex. Oct. 19, 2020) ("[T]he Court does

not abuse its discretion by striking improperly filed amended complaints."); *Handshoe v. Perrett*, No. 1:15CV382HSOJCG, 2016 WL 10587113, at *1 (S.D. Miss. Jan. 27, 2016) (striking *pro se* plaintiff's amended pleadings because it was in violation of Rule 15(a) where plaintiff did not obtain consent from opposing party or leave from court); *Clewis v. Medco Health Solutions, Inc.*, 578 F. App'x 469, 471 (5th Cir. 2014) (recognizing that the District Court properly *sua sponte* struck plaintiff's amended complaint where plaintiff violated Rule 15(a)). Knighton's Amended Complaint should be stricken due to his failure to comply with Rule 15(a) and the Local Rules.

### III. THE UNSERVED DEFENDANT

Federal Rule 4(m) permits dismissal of a suit if the plaintiff fails to serve a defendant within 90 days of filing, but provides that 'if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.'" *Lahman v. Nationwide Provider Sols.*, No. 4:17-CV-00305, 2018 WL 3035916, at *5 (E.D. Tex. June 19, 2018) (quoting Fed. R. Civ. P. 4(m); *citing Gartin v. Par Pharm. Cos.*, 289 F. App'x 688, 692 (5th Cir. 2008)). "[G]ood cause under Rule 4(m) requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* (quoting *Gartin*, 289 F. App'x at 692). Importantly, *pro se* litigants are not absolved from compliance with the requirements of Rule 4. *Flander v. Kforce, Inc.*, 526 F. App'x 364, 368 (5th Cir. 2013) (per curiam); *see also Lyons v. Starbucks Coffee Co.*, No. 3:19-CV-2457-S-BT, 2020 WL 5732638, at *5 (N.D. Tex. Aug. 24, 2020) (recommending dismissal of the plaintiff's claims against a defendant after noting the "plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules"), *R & R adopted*, No. 3:19-CV-2457-S-BT, 2020 WL 5710245 (N.D. Tex. Sept. 24, 2020).

More than 90 days have passed since Knighton was first ordered to provide a service

4

address for Abedinovic, and he has failed to do so. Nor has Knighton shown good cause for his failure to comply with the Court's orders. Accordingly, Abedinovic should be dismissed from this case.

## IV. RECOMMENDATION

For the reasons stated above, the Magistrate Judge concludes that Knighton's Amended Complaint should be STRICKEN and Defendant Elmin Abedinovic should be dismissed from this case without prejudice.

## V. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED April 2, 2026.

_LEE ANN RENO_
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendations. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the

Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).