IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

JARED KNIGHTON,

    Plaintiff,

v.                                                                    2:24-CV-118-Z-BR

T. MARTINEZ, *et al.*,

    Defendants.

## ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS AND GRANTING MOTION TO AMEND COMPLAINT

Before the Court are the Findings, Conclusions, and Recommendations ("FCR") of the United States Magistrate Judge to dismiss Defendant Elmin Abedinovic and strike Plaintiff's Amended Complaint. ECF No. 44. An Objection to the FCR has been filed. ECF No. 46. After making an independent review of the pleadings, files, and records in this case, the Court **OVERRULES** Plaintiff's Objection and concludes that the FCR of the Magistrate Judge is correct. It is therefore **ORDERED** that the FCR of the Magistrate Judge is **ADOPTED.** Defendant Elmin Abedinovic is **DISMISSED WITHOUT PREJUDICE** from this case for failure to prosecute, and Plaintiff's Amended Complaint (ECF No. 36) is **STRICKEN.**

Also before the Court is Plaintiff's Motion for Leave to File Amended Complaint ("Motion"). ECF No. 47. For the reasons stated herein, that Motion is **GRANTED.**

**OBJECTION TO THE FCR**

**1. Legal Standard**

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2). Under the "prison mailbox rule," a pro se prisoner's objections are deemed filed when delivered to prison authorities. *See Thompson v.*

*Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993). For timely objections, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). However, for objections that are not filed within the fourteen-day period, the Court reviews the Magistrate Judge's findings and recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

### 2. Analysis

The Magistrate Judge filed her FCR on April 2, 2026. ECF No. 44. Plaintiff states he signed his Objection April 14, 2026. ECF No. 46 at 3. The Court assumes he also delivered the Objection to prison authorities that date, so Plaintiff's Objection is deemed filed April 14, 2026. *See Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993). Because Plaintiff's Objection was timely, this Court reviews de novo any part of the Magistrate's disposition "that has been *properly* objected to." FED. R. CIV. P. 72(b)(3) (emphasis added).

The FCR makes two recommendations: (1) striking the amended complaint; and (2) dismissing Defendant Elmin Abedinovic ("Abedinovic"). ECF No. 44 at 2–5. Plaintiff only objects to striking his amended complaint. ECF No. 46 at 3 ("Plaintiff agrees to dismiss Elmin Abedinovic.").

Plaintiff filed an amended complaint, without requesting leave from the Court, on December 9, 2025. ECF No. 36. As the FCR found, Plaintiff's right to amend his Complaint as a matter of course expired on September 30, 2025, 21 days after the first answer to the original Complaint was filed. *See* FED. R. CIV. P. 15(a)(1)(B) (allowing amendment as a matter of course up to "21 days after service of a responsive pleading."). Therefore, Plaintiff's amendment required either (1) "the opposing party's written consent"; or (2) "the [C]ourt's leave." *Id.* at 15(a)(2). Plaintiff had neither, so the Magistrate Judge recommended striking the amended complaint. ECF No. 44 at 4.

Plaintiff's Objection to the recommendation to strike the amended complaint is without merit. Plaintiff argues that his amended complaint "relates back" to the original Complaint under Federal Rule of Civil Procedure 15(c), and thus did not require permission to file. ECF No. 46 at 1–3. But whether the amended complaint relates back to the original or not, permission to file was required. Relation back treats an amended pleading as if it were filed on the date of the original complaint *only for purposes of the statute of limitations. See Salazar v. Texas*, No. 5:16-CV-292, 2020 WL 13609390, at *6 (S.D. Tex. Apr. 23, 2020) ("If an amended pleading relates back it is treated, *for purposes of the statute of limitations*, as having been filed on the date of the original complaint." (emphasis added) (internal quotation omitted)). Relation back does not change the deadlines or requirements set out in Rule 15(a). In fact, the Fifth Circuit has said "[i]f a claim asserted in an amended pleading relates back to the date of the original complaint and is thus not barred by limitations, then leave to amend should ordinarily be granted." *F.D.I.C. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994). In other words, relation back is a factor courts should consider in deciding whether to grant a motion to amend. If relation back meant that leave was not required, it could not be a factor to consider in a motion for leave to amend. Plaintiff's Objection is **OVERRULED**.

### MOTION TO AMEND COMPLAINT

Simultaneously with his Objection, Plaintiff filed a Motion for Leave to File Amended Complaint ("Motion"). ECF No. 47. The proposed Amended Complaint appears to name six new Defendants whose identities Plaintiff did not know at the time of filing his original Complaint. "The [C]ourt should freely give leave [to amend pleadings] when justice so requires." FED R. CIV. P. 15(a)(1)(2); *see also S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). Plaintiff's Motion (ECF No. 47) is **GRANTED**.

3

CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objection and concludes that the FCR of the Magistrate Judge is correct following de novo review. It is therefore **ORDERED** that the FCR of the Magistrate Judge (ECF No. 44) is **ADOPTED**. Defendant Elmin Abedinovic is **DISMISSED WITHOUT PREJUDICE** from this case for failure to prosecute, and Plaintiff's Amended Complaint (ECF No. 36) is **STRICKEN**. Further, the Court **GRANTS** Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 47). The Clerk of the Court is **DIRECTED** to conform the docket by terminating the dismissed defendant and adding the new defendants, and to file Plaintiff's proposed Amended Complaint, currently docketed at ECF No. 47-1, as a separately filed Amended Complaint.

**SO ORDERED.**

May ____, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

4