IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JARED KNIGHTON,<br><br>Plaintiff,<br><br>v.<br><br>T. MARTINEZ, *et al.*,<br><br>Defendants. | 2:24-CV-118-Z-BR |

**ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court are the Findings, Conclusions, and Recommendation ("FCR") of the United States Magistrate Judge to dismiss Defendant Hunter Flowers for failure to prosecute. ECF No. 75. An Objection to the FCR has been filed. ECF No. 76. After making an independent review of the pleadings, files, and records in this case, the Court **OVERRULES** Plaintiff's Objection and concludes that the FCR of the Magistrate Judge is correct. It is therefore **ORDERED** that the FCR of the Magistrate Judge (ECF No. 75) is **ADOPTED** and Defendant Hunter Flowers is **DISMISSED WITHOUT PREJUDICE**.

LEGAL STANDARD

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2). Under the "prison mailbox rule," a pro se prisoner's objections are deemed filed when delivered to prison authorities. *See Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993). For timely objections, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). However, for objections that are not filed within the fourteen-day period, the Court reviews the Magistrate Judge's findings and

recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

**ANALYSIS**

The Magistrate Judge filed her FCR on September 24, 2026. ECF No. 75. Plaintiff delivered his Objection to prison authorities fourteen days later, on October 8, 2026. ECF No. 76 at 2. Giving Plaintiff the benefit of the prison mailbox rule, his Objection is deemed timely. *See Thompson*, 993 F.2d at 515. Because Plaintiff's Objection was timely, this Court reviews de novo any part of the Magistrate's disposition "that has been *properly* objected to." FED. R. CIV. P. 72(b)(3) (emphasis added).

Plaintiff first objects that he did not timely receive the Court's Order granting his Motion for Extension of Time. ECF No. 76 at 1. When Defendant Hunter Flowers ("Flowers") was unable to be served at the last known address provided by OAG, the Court ordered Plaintiff to provide a service address for Flowers by July 27, 2026. ECF No. 65. Plaintiff filed a Motion for Extension of this deadline (ECF No. 66), which the Court granted on August 3, setting a new deadline of August 24, 2026. ECF No. 69. The docket shows that this Order was mailed to Plaintiff the same day it was entered but was returned as undeliverable on August 27, 2026. ECF No. 70. The document was immediately remailed, and apparently successfully reached Plaintiff, although after the August 24, 2026 deadline. *Id.* While Plaintiff objects that he did not timely receive notice of his extended deadline, it is now over two months later, and he has still failed to even attempt to provide a service address for Flowers. Moreover, Plaintiff has been on notice of his obligation to provide a service address since he received the Court's June 25, 2026 Order (ECF No. 65), which he does *not* suggest was untimely. The timing of Plaintiff receiving notice of his *extension* does not change the

fact that he knew about his obligation to provide a service address and has failed to do so. Plaintiff's first Objection is **OVERRULED**.

Plaintiff second objects that the Court did not appoint counsel to help him accomplish service on Flowers. ECF No. 76 at 1–2. As Plaintiff notes, the Court previously appointed counsel in this case to assist Plaintiff with obtaining service addresses for another Defendant. ECF No. 34.[1] However, the Court *denied* Plaintiff's request for counsel in connection with service to Flowers. ECF No. 68. As the Court noted in that Order, the Court previously appointed counsel to assist with service only after Plaintiff made attempts to provide a service address himself. *Id.* at 2 n.1. Here, Plaintiff has not attempted to provide a service address, so the Court denied his request for another appointed counsel. *Id.* As Plaintiff acknowledges, he is not *entitled* to appointed counsel to assist with service of process. Accordingly, Plaintiff's second Objection is **OVERRULED**.

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objection and concludes that the FCR of the Magistrate Judge is correct following de novo review. It is therefore **ORDERED** that the FCR of the Magistrate Judge (ECF No. 75) is **ADOPTED** and Defendant Hunter Flowers is **DISMISSED WIHTOUT PREJUDICE** for failure to prosecute. The United States District Clerk is **DIRECTED** to conform the docket by terminating Defendant Hunter Flowers.

**SO ORDERED.**

November 12, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

[1] That Defendant could not be found at the service address provided by appointed counsel and was later dismissed. ECF Nos. 41, 49.